# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 02-1314V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
BRUCE ANDERSON *and*
DONNA ANDERSON, *as parents and*
*natural guardians of R.A., a minor*,

Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

Filed: October 29, 2015

Special Master Brian H. Corcoran

Decision; Interim Attorney's Fees
and Costs; Measles-Mumps-Rubella
("MMR") Vaccination; Autistic
Regression

*Ronald C. Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioners.

*Lynn E. Ricciardella*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DENYING INTERIM COSTS REQUEST[1]

Bruce and Donald Anderson filed this petition on behalf of their child, R.A., over 13 years ago, alleging that as a result of the administration of the measles-mumps-rubella ("MMR") vaccination on December 13, 1999, R.A. suffers from a disorder of energy metabolism associated with autistic regression and multi-system dysfunction, and therefore seeking compensation under

---

[1] Because this decision contains a reasoned explanation for my actions in this case, it will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decisions inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

the National Vaccine Injury Compensation Program [hereinafter, the "Vaccine Program" or "Program"].[2] The case is scheduled for an entitlement hearing on December 8-9, 2015.

On September 18, 2015, the Andersons filed a request for interim costs. ECF No. 85 [hereinafter, "Costs Pet."]. In it, they ask for an award of $2,995.40 to reimburse their counsel and expert for travel expenses (hotel and airfare). As justification for this request, Petitioners reference the fact that (as of the time of the filing of the costs petition) their counsel (the law firm of Conway, Homer & Chin-Caplan, P.C. [hereinafter, the "Homer Firm"]) was embroiled in a dispute with Respondent's counsel at the Department of Justice over the proper hourly rate that the Homer Firm attorneys should be paid for their work in Vaccine Program cases. Because the Homer Firm feared that it could not "operate business as usual" (Costs Pet. at 3), given that the fee dispute was preventing it from obtaining sums necessary to operate, Petitioners ask for reimbursement of these costs in advance of the December entitlement hearing.

Respondent weighed in on the merits of Petitioners' costs requests on September 25, 2015. ECF No. 86 [hereinafter, "Response"]. While not opposing the request in substance, Respondent pointed out that (since the case has not yet been adjudicated) any costs award would require a determination of whether the claim had a reasonable basis. *See* Section 15(e). Respondent also invoked the factors set forth by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008), for an interim award, which include determining if the matter has been protracted, or has involved the retention of "costly experts." Response at 2. No reply was filed by the Petitioners.

It is plainly the case that interim fees and costs awards are available to Vaccine Program petitioners. *Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352; *see also McKellar v. Sec'y of Health and Human Servs.*, 101 Fed. Cl. 297, 302 (2011). However, although there is debate as to how the factors set forth in *Avera* are to be applied, at bottom the appropriateness of an interim award is a matter left to the special master's discretion. *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2009) (reading *Avera* as setting a "broad, discretionary vehicle for ensuring that petitioners are not punished financially while pursuing their vaccine claim"); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (*Avera* provides only "*examples* and *general guidance* concerning when interim fees and costs might be awarded, leaving the special masters broad **discretion** to consider many factors in considering whether an interim award is appropriate in a particular case") (emphasis in original).

---

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Another important consideration in determining the propriety of any fee or cost request is whether a cost has been "incurred." *See* 42 U.S.C. § 300aa-15(e)(1) (special masters may only award reimbursement for costs "*incurred in any proceeding* on [the vaccine injury] petition") (emphasis added). Although the Vaccine Act does not explicitly define the term "incurred," it has been interpreted to mean "legally liable to pay." *Klein v. Sec'y of Health & Human Servs.*, No. 12-560V, 2013 WL 5428471, at *4 (Fed. Cl. Spec. Mstr. Aug. 14, 2013) (quoting *Black v. Sec'y of Health & Human Servs.*, 33 Fed. Cl. 546, 550 (1995)). An anticipated cost thus is not equivalent to an incurred cost.

Here, I find in the exercise of my discretion that an interim costs award is not appropriate. First, Petitioners' primary basis for the request – the Homer Firm's dispute with Respondent over attorneys' hourly rates – appears to have been resolved by Special Master Gowen's recent decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Homer Firm's concerns that the delay in resolving fee disputes with Respondent was jeopardizing their representation of the Andersons herein (as well as all other Vaccine Program clients) have been greatly lessened (if not fully addressed) since the issuance of that decision.

Second, I find that the present circumstances do not justify an interim award of the costs requested. The total sum is itself not especially large, and thus does not reflect the kind of expense hardship that it is unfair to expect counsel to bear in advance of trial. Most of the total, moreover ($2,061) (*see* Costs Pet. at 9 n.11 and Tab A), reflects the anticipated cost of a hotel stay in Washington, DC during the pending hearing – and thus reflects a cost that has not yet been incurred. *Klein*, 2013 WL 5428471, at *4 (a "price quote" for an anticipated evidentiary cost is not an incurred cost). The remainder of the requested costs are airfare for counsel and Petitioners' experts ($934.40), but the attachments to Petitioners' interim costs request do not substantiate that they have been paid. And even if they have been incurred as that term is defined in the Program, I do not find that the facts of this case make an interim award that effectively advances the Petitioners the costs of travel to the hearing appropriate.

Petitioners may of course renew their costs requests after the hearing (at which time they could also request attorney's fees generated to date, as well as other expert costs relating to substantive expert tasks rather than travel). But the present request is premature and not justified by the circumstances. I therefore **DENY** Petitioners' interim costs request.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master